### CHIESA, LOTTERO & CO. v. ANDREWS.
#### No. 6185.

Circuit Court of Appeals, Sixth Circuit.
Oct. 31, 1932.

B. S. Oppenheimer, of Cincinnati, Ohio (Harmon, Colston, Goldsmith & Hoadly, of Cincinnati, Ohio, on the brief), for appellants.

W. B. Mente and Province M. Pogue, both of Cincinnati, Ohio (Oliver S. Bryant and Pogue, Hoffheimer & Pogue, all of Cincinnati, Ohio, on the brief), for appellees.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

November 19, 1925, appellants entered into a so-called contract with the bankrupt to supply the latter's requirements of the 1926 crop of Italian cherries in brine, sizes to be agreed upon, price to be the "market price and in line with any legitimate packer," etc. June 17, 1926, a telegram was sent to the bankrupt quoting the then prevailing prices and asking definite indication of the quantities and sizes which would be needed. This information was sent, and appellant responded on July 21, 1926, saying, inter alia: "With regards to the price, as advised you, we have had to meet what we consider legitimate competition in accordance with our contract and have generally established the following prices: 9 cents for broken * * *." The terms of this letter were "accepted" by the bankrupt and the principal point here in issue is whether this establishment of a price was intended to be but a declaration of the then prevailing market price, subject to change as to future deliveries; or as a substitution of definite prices for the indefinite "market price" of the original agreement.

Both the referee and the district judge came to the conclusion that the parties intended market price at the time of delivery to govern. This was evidenced by the fact that the letter of July 21, 1926, does not purport, in haec verba, to be a fixation of price except for the time being, or to act as a substitution for the price provision of the original contract, and the latter interpretation of its effect would be inconsistent with the practical construction placed upon the contract by the parties themselves. We are not persuaded that this concurrent finding of the referee and the trial judge was wrong. It therefore follows that no damage, other than nominal, resulted from the bankrupt's failure to take the full amount of its estimated requirements, and it is unnecessary for us to determine the other questions submitted.

Affirmed.